IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESMERALDA VASQUEZ**<br>6710 14th Place N.W.<br>Washington, D.C. 20012<br><br>     *Plaintiff*,<br><br>v.<br><br>**UNITED STATES CAPITOL POLICE**<br>119 D Street N.E.<br>Washington, D.C. 20510<br><br>     *Defendant.* | Case No. 24-248<br><br>Jury Trial Demand |

## COMPLAINT

Plaintiff Esmeralda Vasquez (hereinafter "Plaintiff", "Plaintiff Vasquez", or "Ms. Vasquez") by and through her Attorneys, hereby files this Complaint against the United States Capitol Police (hereinafter "Defendant", "U.S. Capitol Police", or "Capitol Police"). Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and seeks damages, including but not limited to declaratory, injunctive, and other equitable relief; compensatory damages; and litigation expenses and reasonable attorneys' fees based on Defendant's discriminatory, harassing, retaliatory, and otherwise unlawful actions against Plaintiff Vasquez.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e, and the Congressional Accountability Act, 2 U.S.C. § 1301(a)(4).

1

2.      Plaintiff has exhausted all administrative remedies prior to filing suit. Plaintiff Vasquez filed an administrative complaint against the U.S. Capitol Police and was issued a preliminary report which advised that she could file in federal court within 90 days.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant may be found in this judicial district.

## PARTIES

4.      Plaintiff Esmeralda Vasquez is a Hispanic female and a resident of the District of Columbia. At all relevant times, Plaintiff Vasquez was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Ms. Vasquez received a Bachelor of Arts in Political Science, from Marymount University in May 2021. Ms. Vasquez is a United States citizen. Ms. Vasquez's parents emigrated to the United States from El Salvador, Central America. Ms. Vasquez previously enrolled in the Police Academy in November 2021, but did not complete the graduation requirements, due to an examination failure. In October 2022, Plaintiff Vasquez enrolled in the Academy to become a U.S. Capitol Police Officer.

5.      Defendant United States Capitol Police is an agency within the United States federal government and was an employer as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

## FACTS

6.      The United States Capitol Police employed Plaintiff Vasquez as a recruit (hereinafter "Police recruit" or "recruit"), in the U.S. Capitol Police Academy (hereinafter "Academy") at the U.S. Capitol Police Headquarters, located at 119 D Street N.E., Washington

D.C., 20510. U.S. Capitol Police recruits must successfully complete all training activities to become a U.S. Capitol Police Officer. As a Police recruit, Ms. Vasquez participated in training activities, including drills, classroom legal and policy instruction, physical tactics, fitness examinations, and simulated scripted scenarios. Ms. Vasquez's supervisors were Instructor, Diane Salen (hereinafter "Instructor Salen") and Lieutenant, Judy Arena (hereinafter "Lt. Arena"). Instructor Salen is a Caucasian Woman. Lt. Arena is also a Caucasian Woman.

7. Plaintiff Vasquez started as a recruit in October 2022, in the Vehicle Maintenance Division (a special enrollment track for re-entering recruits the U.S. Capitol Police Academy).

8. The composition of Ms. Vasquez's U.S. Police Academy class included a total of twenty-four (24) recruits: 20 male students and 4 female students. Out of the 20 male students: 4 were African American, 1 Asian, 1 Hispanic, and 14 White male students. Out of the 4 female students: 3 were Hispanic (including Plaintiff Vasquez), and 1 African American female student, 0 White female students.

9. Around late December 2022, while Plaintiff Vasquez walked the hallways in her workplace, U.S. Capitol Police Headquarters, she stopped to greet a fellow group of recruits. During Plaintiff Vasquez's greeting to the other recruits, (one Hispanic female, and one Caucasian male), Instructor Salen, while walking beside Lt. Arena, reprimanded Plaintiff Vasquez, yelling: "Vasquez! You cannot do that! What you are doing is completely unacceptable!" Lt. Arena remained silent while Instructor Salen reprimanded Plaintiff Vasquez, thereby ratifying Instructor Salen's reprimand to Plaintiff Vasquez. In response to Instructor Salen's reprimand, Plaintiff Vasquez replied, "Yes, Ma'am", and continued to walk away. Instructor Salen then shouted the same statement to Plaintiff Vasquez, causing Plaintiff Vasquez to feel humiliated and singled out. Instructor Salen and Lt. Arena also reprimanded another

recruit, a Hispanic woman, but permitted the Caucasian male recruit to walk away without being reprimanded. This late December 2022 event commenced the hostile work environment for Plaintiff Vasquez.

10. On January 13, 2023, Instructor Salen asked Plaintiff Vasquez to wait in a conference room. Plaintiff Vasquez followed Instructor Salen's instruction and waited for over an hour for Instructor Salen to arrive. When Instructor Salen finally arrived, she provided Plaintiff Vasquez with a form and requested that Vasquez sign the form. The form indicated that an investigation would be conducted regarding Plaintiff Vasquez's conduct of "cheating during training activity." Plaintiff Vasquez was confused about the need for an investigation, as she did not engage in wrongdoing or misconduct during her time as a recruit. Instructor Salen accused Plaintiff Vasquez of cheating, and implied that Plaintiff Vasquez engaged in sexual activities with U.S. Capitol Police instructors. The conference room interrogation lasted for approximately three hours. Instructor Salen did not grant Plaintiff Vasquez with freedom to leave the conference room. During the meeting, Instructor Salen asked Plaintiff Vasquez several times, "What instructor, officer, or recruit gave you the script for the scenario." Plaintiff Vasquez replied that she did not receive a script for any scenario and that her answers to the scenarios were derived from her individual studying.

11. On that same day, Instructor Salen then threatened to dismiss Plaintiff Vasquez from the Police Academy if she did not answer the questions related to cheating and recruit misconduct. Plaintiff Vasquez continued to tell the truth, which was that she did not cheat during any of the training activities. Instructor Salen then threatened to produce footage of Plaintiff Vasquez "flipping through a script and checking off boxes." Plaintiff Vasquez then informed Instructor Salen that she did not have a "script" of answers. Plaintiff Vasquez informed

4

Instructor Salen that she possessed a notebook that was used to transcribe notes for missed lesson points in the classroom lecture. The notes were provided to Plaintiff Vasquez by her fellow recruits. Instructor Salen responded, "Well, you know Ms. Vasquez from my perspective it seems you would do anything and everything to stay in the academy." Plaintiff Vasquez informed Instructor Salen that she had the notebook in Vasquez's car. Instructor Salen then prompted Plaintiff Vasquez to retrieve her notebook from Vasquez's car. Instructor Salen accompanied Plaintiff Vasquez to Vasquez's car, stood behind Plaintiff Vasquez, and reached for Vasquez's backpack as she walked back into the Academy building. Plaintiff Vasquez remained afraid and threatened during this interaction, as Instructor Salen continued to violate Vasquez's personal space. Further, Instructor Salen quickly grabbed Plaintiff Vasquez's backpack and snatched the notebook from Vasquez's hands. Again, Instructor Salen further perpetuated a workplace of violence and intimidation for Plaintiff Vasquez. Instructor Salen then proceeded to flip through every page in Vasquez's notebook, as Vasquez stood by in fear of her future as a U.S. Capitol Police recruit. Instructor Salen then took a copy of every page in Plaintiff Vasquez's notebook, against Vasquez's will. As this ordeal continued, Plaintiff Vasquez felt harassed and embarrassed—while Instructor Salen reminded Vasquez of the honor pledge and possibility that Vasquez could be fired from the Academy. Despite Instructor Salen's attempts to intimidate Plaintiff Vasquez, Vasquez reiterated her truthful stance that she did not cheat or engage in misconduct as a recruit. Instructor Salen then exited the room without any further remarks to Plaintiff Vasquez.

12. On January 15, 2023, Plaintiff Vasquez's White classmates, informed her that Instructor Salen also questioned them regarding the checklist in Vasquez's notes, but Instructor Salen did not demand that the White recruits produce their notebooks or other personal property.

In fact, the White recruits informed Plaintiff Vasquez that Instructor Salen was cordial and professional to them during questioning. This event further solidified the fact that Instructor Salen treated Ms. Vasquez differently from the other White recruits, because Vasquez is Hispanic.

13. During the week of January 23, 2023, Instructor Salen continuously harassed Plaintiff Vasquez by walking into a classroom and staring at Vasquez in an intimidating manner.

14. Around the same time, in mid-to-late January 2023, during an examination, Instructor Salen stood in front of the classroom and stated, "It is better that the computer room has no desktops because I have a better view, especially those in the back!" and stared directly at Plaintiff Vasquez. During the examination, Instructor Salen paced the classroom and stared intensely at Plaintiff Vasquez. Instructor Salen's behavior was undeniably intimidating, and Vasquez's classmates commented on Instructor Salen's behavior. When the examination results were posted, and Instructor Salen learned that Vasquez passed the examination, Instructor Salen became visibly upset and immediately left the room. Plaintiff Vasquez believes that if she were truly accused of misconduct, then the Police Academy should not have permitted her to sit for the examination. Plaintiff Vasquez was again subjected to a hostile work environment by Instructor Salen's threatening and hostile actions—which Vasquez's believes were all retaliatory attempts to cause her to fail out of the Academy.

15. On February 3, 2023, during a handcuffing training activity, Plaintiff Vasquez's instructor and class coordinator, commended Vasquez's performance as a stellar student. Instructor Salen walked into the classroom during the final scenario of the training activity, which caused Plaintiff Vasquez extreme anxiety, because of her past interactions with Instructor Salen. Instructor Salen watched Plaintiff Vasquez practice the final scenario, and then exited the

classroom. Instructor Salen's actions caused extreme anxiety for Plaintiff Vasquez, which led Vasquez to miss a step in the handcuffing training activity. Plaintiff Vasquez, a high-performing student in the Academy had not missed any steps prior to Instructor Salen's intimidating presence during a training activity.

16. On February 6, 2023, Instructor Salen called another meeting to question Plaintiff Vasquez about the alleged cheating during the January 2023 training scenario. Lt. Arena was also present at the meeting. Plaintiff Vazquez explained to both Instructor Salen and Lt. Arena that she did not engage in cheating during the scenario, nor did the other recruits provide her with answers pertaining to the scenarios. Instructor Salen stated, "the information you are giving us does not seem to be truthful," further stating, "You are not forthcoming as you are being asked to be." Ms. Lt. Arena followed up and stated to Ms. Vasquez, "You are not in trouble if your previous classmates had vented to you regarding the scenarios and you so happened to be there," further stating, "It's not your fault and that somehow you were able to "subconsciously" retain that information to apply it here." Lt. Arena further added, "You are not in trouble. I don't think you did anything. You are a leader and wouldn't do something like this." Plaintiff Vasquez paused and responded, "I'm as truthful as one can be. I don't remember a conversation taking place or if someone spoke about it. This just doesn't make sense." Plaintiff Vasquez asked for clarification on what she was being coerced into writing in an official statement. Lt. Arena stated, "You need to write what we all agreed on, which is that you probably heard a conversation and subconsciously used it in the scenario." Plaintiff Vasquez explained that she did not use prior knowledge or "subconscious information" to aid her performance in the training scenarios. Lt. Arena stated that, "It is only fair to say that other students would confide in you since you and the officers were once in the same class." Plaintiff Vasquez still needed further

clarification on Arena's instructions, and despite Vasquez' protest to receiving "subconscious information", Lt. Arena insisted that Plaintiff Vasquez write down the account of the events which indicated that Vasquez cheated during the January 2023 training scenario. Plaintiff Vasquez adamantly protested that she did not write down subconscious information. Instructor Salen and Lt. Arena forced Plaintiff Vasquez to write this statement.

17. On that same day, as the questioning continued, Lt. Arena stated that Plaintiff Vasquez could get dismissed from the Academy for receiving "subconscious information" to aid her during the training scenario. Reluctantly and under duress, Plaintiff Vasquez wrote a statement according to Lt. Arena and Instructor Salen's specific instructions. Again, Plaintiff Vasquez did not receive "subconscious information" regarding the scripted scenarios and was forced by Instructor Salen and Lt. Arena to write a false statement. As Plaintiff Vasquez wrote Arena's account of this January 2023 interrogation, she paused and asked Instructor Salen twice, "what do you think about this (referring to her written statement)?" Instructor Salen responded, "Okay, you need to add something more specific to this sentence," as Instructor Salen pointed to the Vasquez's statement and handed it back to Arena. After hours of interrogation, Lt. Arena and Ms. complained that Ms. Vasquez's statement was grammatically incorrect. Plaintiff Vasquez explained to Lt. Arena and Instructor Salen that she had been tired from working all day, waking up at 3:00 a.m., being forced to stay in a confined interrogation room, out of fear of losing her job. Instructor Salen and Lt. Arena continued to question Plaintiff Vasquez for more than three (3) hours, and they did not permit Plaintiff Vasquez to exit the interrogation room.

18. On February 8, 2023, U.S. Capitol Police dismissed Plaintiff Vasquez from the training academy on the grounds of misconduct/cheating during a training activity (scripted scenario) in January 2023. Instructor Salen and Lt. Arena used Plaintiff Vasquez's February 6,

2023, coerced statement as evidence to falsely justify Plaintiff Vasquez's termination from the Academy.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e *et seq.*
### Hostile Work Environment Based on Race, Color, and National Origin

19. Plaintiff realleges and incorporates by reference the above paragraphs as if fully stated herein.

20. At all pertinent times, Defendant was an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

21. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

22. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, term, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin, or to limit, segregate, or classify employees or applicants for employment opportunities or otherwise adversely affect her status as an employee, because of the individual's race, color, religion, sex, age, or national origin.

23. Defendant, in violation of Title VII of the Civil Rights Act of 1964, subjected Plaintiff to harassment and a hostile work environment based on Plaintiff's Race (Hispanic), Color (Light Brown), and National Origin (Salvadorian Ancestry) when: 1) In late December 2022, Instructor Salen reprimanded Plaintiff Vasquez, and another Hispanic female recruit, for greeting other Police recruits in the hallway. Yet, Instructor Salen permitted a White male recruit to walk away from the group of recruits without reprimand; 2) On January 13, 2023, when

9

Instructor Salen accused Plaintiff Vasquez of cheating on a training activity, and detained Vasquez in an interrogation room, where Vasquez was not permitted to leave; 3) During the week of January 23, 2023, when Instructor Salen intimidated Plaintiff Vasquez by entering the classroom and staring only at Plaintiff Vasquez during class instruction; 4) In mid-to-late January 2023, when Instructor Salen paced the classroom during an examination, thereby intimidating Plaintiff Vasquez during a high-stress examination; 5) On February 3, 2023, when Instructor Salen stated at Plaintiff Vasquez in an intimidating manner, during a handcuffing training scenario, and then Instructor Salen exited the classroom. Instructor Salen's pattern of intimidating behavior caused Plaintiff Vasquez to miss a step in the handcuff training, and consequently caused Plaintiff Vasquez to fail the activity. Plaintiff Vasquez could not perform at a satisfactory level for a recruit, due to the heightened stress of Instructor Salen's presence; and 6) On February 6, 2023, when Instructor Salen and Lt. Arena forced Plaintiff Vasquez to write a written statement reflecting that she received "subconscious information" related to a training scenario.

24.     Defendant, in violation of Title VII of the Civil Rights Act of 1964, subjected Plaintiff to discrimination based on Plaintiff's Race (Hispanic), Color (Light Brown), and National Origin (Salvadorian Ancestry) when: On February 8, 2023, U.S. Capitol Police dismissed Plaintiff Vasquez from the Academy on the grounds of misconduct/cheating during a training activity (scripted scenario) in which Instructor Salen and Lt. Arena used Plaintiff Vasquez's January 6, 2023, coerced statement as evidence to falsely justify Plaintiff Vasquez's termination from the Academy. Instructor Salen and Lt. Arena treated Plaintiff differently than other similarly situated recruits and targeted Plaintiff based on her race, color, and national origin. Instructor Salen and Lt. Arena's reasons for terminating Plaintiff Vasquez were false and

based on fabricated grounds, by using Vasquez's coerced statement from the January 6, 2023, interrogation. U.S. Capitol Police have not provided truthful grounds to justify terminating Plaintiff Vasquez from the Academy. U.S. Capitol Police did not follow the normal procedures in making the decision to dismiss Plaintiff Vasquez from the recruiting class. U.S. Capitol Police did not follow the normal procedures in making the decision to dismiss Plaintiff Vasquez from the recruiting class.

25. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered emotional distress, pain and suffering, humiliation, and embarrassment.

26. Defendant had no legitimate business reason for any such acts.

27. Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices that are not yet fully known.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e *et seq.*
### Disparate Treatment Based on Race, Color, and National Origin

28. Plaintiff realleges and incorporates by reference the above paragraphs as if fully stated herein.

29. At all pertinent times, Defendant was an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

30. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

31. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, term, conditions, or privileges

of employment, because of such individual's color, religion, sex, age, national origin, or to limit, segregate, or classify employees or applicants for employment opportunities or otherwise adversely affect her status as an employee, because of the individual's race, color, religion, sex, age, or national origin.

32. Defendant, in violation of Title VII of the Civil Rights Act of 1964, subjected Plaintiff to Discrimination and Disparate Treatment based on Plaintiff's Race (Hispanic), Color (Light Brown), and National Origin (Salvadorian Ancestry) when: 1) In late December 2022, Instructor Salen reprimanded Plaintiff Vasquez, and another Hispanic female recruit, for greeting other Police recruits in the hallway; yet, Instructor Salen permitted a White male recruit to walk away without reprimand; 2) On January 13, 2023, when Instructor Salen accused Plaintiff Vasquez of cheating on a training activity, and detained Vasquez in an interrogation room, where Vasquez was not permitted to leave. Yet, Instructor Salen did not accuse any of the White recruits of cheating during the scripted scenario training activity; 3) During the week of January 23, 2023, when Instructor Salen intimidated Plaintiff Vasquez by staring only at Vasquez, and not any of the White recruits, during class instruction; 4) In mid-to-late January 2023, when Instructor Salen paced the classroom during an examination, thereby intimidating Plaintiff Vasquez during an high-stress examination environment; 5) On February 3, 2023, when Instructor Salen stared only at Plaintiff Vasquez, and not any of the White recruits, in an intimidating manner, while Plaintiff Vasquez practiced a handcuffing training scenario, and then exited the classroom. Instructor Salen's targeted pattern of intimidating behavior caused Plaintiff Vasquez to miss a step in the handcuff training, and consequently caused Plaintiff Vasquez to fail the handcuffing training exercise. Plaintiff Vasquez could not perform at a satisfactory level for a recruit, despite her past stellar performance, due to the heightened stress of Instructor

Salen's presence; and 6) On February 6, 2023, when Instructor Salen and Lt. Arena forced Plaintiff Vasquez to write a written statement reflecting that she received "subconscious information" related to a training scenario.

33. Defendant, in violation of Title VII of the Civil Rights Act of 1964, subjected Plaintiff Vasquez to discrimination based on her Race (Hispanic), Color (Light Brown), and National Origin (Salvadorian Ancestry) when: On February 8, 2023, U.S. Capitol Police dismissed Plaintiff Vasquez from the Academy on the grounds of misconduct/cheating during a training activity (scripted scenario) in which Instructor Salen and Lt. Arena used Plaintiff Vasquez's January 6, 2023, coerced statement as evidence to falsely justify Plaintiff Vasquez's termination from the Academy. Instructor Salen and Lt. Arena treated Plaintiff differently than other similarly situated recruits and targeted Plaintiff based on her race, color, and national origin. Instructor Salen and Lt. Arena's reasons for terminating Plaintiff Vasquez were false and based on fabricated grounds, by using Vasquez's coerced statement from the January 6, 2023, interrogation. U.S. Capitol Police have not provided truthful grounds to justify terminating Plaintiff Vasquez from the Academy. U.S. Capitol Police did not follow the normal procedures in making the decision to dismiss Plaintiff Vasquez from the recruiting class.

34. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered emotional distress, pain and suffering, humiliation, and embarrassment.

35. Defendant had no legitimate business reason for any such acts.

36. Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices that are not yet fully known.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vasquez prays as follows:

A. That the Court issue an order declaring Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and declaring Plaintiff eligible to receive equitable and other relief;

B. That the Court enter judgment against Defendant;

C. That the Court issue a permanent injunction prohibiting Defendant from engaging in any further acts of discrimination, harassment, and retaliation;

D. That the Court enter judgment in favor of Plaintiff against Defendant for all equitable monetary damages available under the law;

E. That the Court order Defendant to refrain from any action against Plaintiff, or any other person, for participating in or supporting this case in any manner;

F. That the Court order Defendant, individually and collectively, to restore leave, pay back-pay in wages and insurance owed, and compensatory damages in an amount no less than $1,000,000;

G. That the Court order Defendant to reinstate Plaintiff and waive any probationary period as a U.S. Capitol Police Officer recruit;

H. That the Court order Defendant to exempt Plaintiff from Exam 4 and additional graduation requirements to become a U.S. Capitol Police Officer, and permit Plaintiff to enroll in refresher courses/training;

I. That the Court order Defendant to erase Plaintiff's disciplinary record with the U.S. Capitol Police Academy, and provide proof of personnel record to Plaintiff;

J.	That the Court order Defendant to pay Plaintiff's reasonable attorneys' fees, expert fees, and costs;

K.	That the Court order Defendant to pay pre-judgment and post-judgment interest as provided by law; and

L.	That the Court order Defendant to reinstate Plaintiff's employment as a recruit in the U.S. Capitol Police Academy.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims against Defendant.

Date: January 26, 2024					Respectfully submitted,

					    */s/ David A. Branch*
					David A. Branch, D.C. Bar No. 438764
					LAW OFFICE OF DAVID A. BRANCH
					& ASSOCIATES, PLLC
					1828 L Street N.W., Suite 820
					Washington, D.C. 20036
					Phone: (202) 785-2805
					Fax: (202) 785-0289
					Email: davidbranch@dbranchlaw.com